# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| AARON WILLIE BRIGHAM,<br><br>Plaintiff,<br><br>v.<br><br>PRISON LAW OFFICES SAN QUENTIN et al.,<br><br>Defendants. | No. EDCV 20-02525-DDP (DFM)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

On November 30, 2020, Plaintiff constructively filed a pro se civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. See Dkt. 1. On January 11, 2021, the Magistrate Judge dismissed the Complaint with leave to amend. See Dkt. 4. That Order was returned as undeliverable. See Dkt. 5. Accordingly, on January 28, the Magistrate Judge issued an Order to Show Cause ("OSC") instructing Plaintiff to provide a current address within fourteen (14) days. See Dkt. 6. Plaintiff was expressly warned that failure to do so may result in dismissal for failure to prosecute. See id. The OSC was also returned as undeliverable. See Dkt. 7.

Local Rule 41-6 requires that a party proceeding pro se "must keep the Court . . . informed of the party's current address as well as any telephone number and email address." If a Court order or other mail served on a pro se plaintiff at his address of record is returned . . . as undeliverable and the pro se

party has not filed a notice of change of address within 14 days of the service date of the order," the Court "may dismiss the action with or without prejudice for failure to prosecute."

Moreover, Plaintiff's failure to update his address brings this case within the purview of Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), which examined when it is appropriate to dismiss a lawsuit for failure to prosecute. See also Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice that can be overcome only with an affirmative showing of just cause by the petitioner. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. Petitioner has made it impossible for the Court to manage its docket because it has no way to communicate with him, and for that same reason no less drastic sanction is available. Additionally, the Court expressly warned Plaintiff of the need to file an updated address, lest this action be dismissed for failure to prosecute. See Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); Although the fourth Carey factor weighs against

dismissal—as it always does—together the other factors outweigh the public's interest in disposing of the case on its merits.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute, and because Plaintiff has failed to comply with Local Rule 41-6.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: June 22, 2021

_____
DEAN D. PREGERSON
United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge